| MEMBER | AMOUNT AND BASIS OF CLAIM |
|---|---|
| Equitable Capital Management Corp. | $20,000,000<br>($15,000,000 = Floating Rate Notes due May 1, 1988<br>$ 5,000,000 = $17\frac{1}{2}$ Debentures due 2004) |
| Hemphill Power & Light | $1,500,000 (approx.) |
| IBJ Schroder Bank & Trust Company | $275,000,000 (approx.) Debentures + Interest as Indenture Trustee of $14\frac{3}{8}\%$, $15\frac{3}{4}\%$, and 15% Debentures |
| Integon Life Insurance Corporation | $3,000,000 Variable Rate Notes |
| Midlantic National Bank | $425,000,000 as Indenture Trustee of $17\frac{1}{2}\%$ Debentures of 2004 |
| New Hampshire Hydro Assoc. | $315,700—Electricity generated and delivered, but not paid for 12/1/87–1/28/88 |
| United Engineers & Constructors, Inc. | $18,436,727 Promissory Notes and Contract Payments |
| Carl F. Faust | $800,000<br>($200,000 = $17\frac{1}{2}\%$ Debentures due 2004<br>$600,000 = 15% Debentures due 2003) |
| Herman Gross | $3,300,000<br>($2,250,000 = $17\frac{1}{2}\%$ Debentures due 2004<br>$750,000 = 15% Debentures due 2003<br>$100,000 = 18% Debentures due 1989<br>$200,000 = $14\frac{1}{2}\%$ Debentures due 2000) |
| State Street Bank and Trust Co. | $20,000,000 aggregate principal amount under four issues of PCRB's, as Indenture Trustee |

**In re Ralph Marlin KEENEY, Jr., Debtor.**

**Bankruptcy No. 88–01373–C–11.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Sept. 1, 1988.

Faye M. Coultas, Osage Beach, Mo., for debtor.

Jerry W. Venters, Jefferson City, Mo., for ITT Commercial.

Barry V. Cundiff, Jefferson City, Mo., for Heet & Rodeman Const.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtor filed an Application For Dissolution of Partnership. The evidence indicated that the alleged partnership was entered into and ceased doing business prior to the filing of the bankruptcy petition and that debtor actually was seeking permission to proceed in state court under Mo. R.S., Section 358.320. This is not a core proceeding nor does it arise out of any part of the post petition events. At best it is only related to any bankruptcy events. The Court, therefore, voluntarily abstains from any attempted dissolution and grants debtor permission to proceed in state court. *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir.1988). Any party to such a proceeding is granted relief from any application of the automatic stay to litigate any issues properly raised in such a proceeding and permitted to proceed to the point of final judgment but not as to levy and execution against any property of the estate.